UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL R MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANA BOYD, et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-00449-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

　　On October 22, 2025, the Court denied Mitchell's application to proceed *in forma pauperis*. Dkt. 4. That order instructed Mitchell to pay the filing fee within 30 days of the issuance of that order or his case would be dismissed without further notice. *Id.* Over 30 days have passed and he has not paid the filing fee or submitted an updated application to proceed in forma pauperis. The Court has the inherent authority to dismiss his complaint under Federal Rule of Civil Procedure 41(b) for failure to comply with a Court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

　　Before dismissing an action pursuant to Rule 41(b), the Court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2)

**MEMORANDUM DECISION & ORDER - 1**

the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "The first two factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and available of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Indeed, the first two factors weigh in favor of dismissal here. Mitchell's failure to respond to the Court's order makes it difficult to expeditiously resolve his claim and for the Court to manage its docket. The fourth factor, as always, cautions against dismissal. As to the two decisive factors, the defendants will not suffer any prejudice from the dismissal of this action and given Mitchell's apparent abandonment of his claim, dismissal seems to be the only realistic sanction.

That said, pursuant to Rule 41(b) dismissal for failure to prosecute operates as an adjudication on the merits unless the dismissal order states otherwise. Dismissing Mitchell's claim without prejudice and not on the merits would serve as a less drastic sanction than dismissal with prejudice. Taking into account Mitchell's pro se status, dismissal with prejudice would be "unnecessarily harsh." *Smith v. Mantilla*, No. CV-23-00003-TUC-JGZ, 2024 WL 1156585, at *1 (D.

**MEMORANDUM DECISION & ORDER - 2**

Ariz. Mar. 18, 2025). Thus, the Court will dismiss Mitchell's Complaint without prejudice pursuant to Rule 41(b).

## ORDER

**IT IS ORDERED that** this matter be dismissed WITHOUT PREJUDICE.

DATED: February 17, 2026

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION & ORDER - 3

**MEMORANDUM DECISION & ORDER - 4**